IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KRISTIE R. PARKER., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-902 (MN) |
| | ) |
| KENNETH HAYNES, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

Ronald G. Poliquin, THE POLIQUIN FIRM, LLC, Dover, DE – Attorneys for Plaintiff

"J" Jackson Shrum, JACK SHRUM P.A., Wilmington, DE – Attorneys for Defendant

May 14, 2025
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE**

Before the Court is Defendant Kenneth L.P. Haynes's ("Defendant") motion to stay this action pending the conclusion of a parallel criminal investigation. (D.I. 9). For the reasons that follow, the Court will GRANT the motion and STAY the case.

I. **BACKGROUND**

On July 31, 2024, Plaintiff Kristie R. Parker ("Plaintiff") filed a complaint against Defendant, alleging that he sexually assaulted her in August 2022 while he was on the job as a trooper with the Delaware State Police ("DSP"). (D.I. 1). Five days later, Plaintiff filed an amended complaint, which asserts three counts for violations of her civil rights under 42 U.S.C. § 1983, one count for assault and battery, and one count for intentional infliction of emotional distress. (D.I. 3). In August 2024, following the announcement of a Delaware Department of Justice criminal investigation into the matter ("DOJ"), DSP suspended Defendant from duty. (D.I. 16 at 3).

On November 12, 2024, Defendant answered the Amended Complaint, substantially denying Plaintiff's allegations. (D.I. 11). On November 8, 2024, Defendant moved to stay the case pending the conclusion of the criminal investigation. (D.I. 9). On November 25, 2024, Plaintiff opposed the motion, and Defendant filed his reply brief on December 4, 2024. (D.I. 14, 16). The Court now addresses the motion to stay.

II. **LEGAL STANDARD**

"A United States district court has broad power to stay proceedings." *Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976); *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). Courts routinely do so in the context of parallel civil and criminal actions. *See United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) ("Federal courts have deferred

1

civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action.").

In this District, courts apply a six-factor test in determining whether to stay a civil action pending the resolution of a related criminal case. *See Maloney v. Gordon*, 328 F. Supp. 2d 508, 511 (D. Del. 2004); *E.I. du Pont de Nemours & Co. v. Hou*, No. 17-224 (RGA), 2017 WL 2531940, at *1 (D. Del. June 9, 2017). These factors include: "(1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings, including whether any defendants have been indicted; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the burden on the defendants; (5) the interests of the court; and (6) the public interest." *Maloney*, 328 F. Supp. 2d at 511. "The movant bears the burden of establishing the need for a stay." *Deloitte Consulting LLP v. Sagitec Sols. LLC*, No. 23-325 (WCB), 2023 WL 6037201, at *1 (D. Del. Sept. 15, 2023).

### III. DISCUSSION

#### A. Overlap of the Issues

The first factor of the analysis, often called "the most important issue at the threshold," is the extent to which the issues in the civil and criminal cases overlap. *Du Pont*, 2017 WL 2531940, at *1 (quoting *Walsh Sec. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998)). Here, the conduct alleged in Plaintiff's civil complaint is the same for which Defendant is being criminally investigated by the DOJ and has been placed on leave by the DSP. (*See* D.I. 16 at 3). Plaintiff asserts that there is no criminal "case" as of yet – only an investigation – and, therefore, there is no overlapping action. (*See* D.I. 14 at 3-4). Previous cases in this context, however, make clear that the six-factor *Maloney* test applies to ongoing criminal investigations, such as the one at issue here. *See, e.g.*, *Du Pont*, 2017 WL 2531940, at *1; *Deloitte*, 2023 WL 6037201, at *2; *Walsh*, 7 F. Supp. 2d at 527. Plaintiff's contention on this point is properly the focus of the second prong

2

of the analysis, which is examined in the following section. Accordingly, the Court finds that there is substantial – if not complete – overlap of the issues, and this factor weighs in favor of a stay. *See Maloney*, 328 F. Supp. 2d at 511.

### B. The Status of the Criminal Proceedings

That brings us to the second factor: the status of the criminal proceedings, including whether the defendant has been formally charged. *Du Pont*, 2017 WL 2531940, at *1. "[T]he strongest case for a stay of discovery in [a] civil case occurs during a criminal prosecution after an indictment is returned," because the potential for Fifth Amendment self-incrimination is at its apex. *Bryer v. Jefferson*, No. 12-1028 (GMS), 2013 WL 3753420, at *1 n.1 (D. Del. July 8, 2013) (quoting *Walsh*, 7 F. Supp. 2d at 527); *Deloitte*, 2023 WL 6037201, at *3. Here, as Plaintiff vigorously points out, Defendant has not been charged – he is only under investigation. (D.I. 14 at 2, 4). That leads Plaintiff to contend that "[p]re-indictment requests for a stay are generally denied." (*Id.*) (citing *Walsh*, 7 F. Supp. 2d at 527). Nevertheless, a stay may be warranted "even if the civil defendant has not [yet] been indicted." *Deloitte*, 2023 WL 6037201, at *3. This is because "civil proceedings, if not deferred, [c]ould undermine Defendant's privilege against self-incrimination under the Fifth Amendment." *Du Pont*, 2017 WL 2531940, at *1 (cleaned up, citation omitted). The Court finds that allowing this case to proceed presents precisely that risk to Defendant's criminal constitutional rights. Thus, this factor weighs in favor of granting the stay.

### C. Plaintiff's Interest Balanced Against Prejudice to Defendant

The third factor is Plaintiff's interest in expeditiously advancing the civil case, weighed against the prejudice she would face as a result of a stay. *Maloney*, 328 F. Supp. 2d at 511; *Tobin v. Gordon*, No. 04-1211 (KAJ), 2004 WL 2915337, at *2 (D. Del. Dec. 15, 2004). Plaintiff asserts that she has a strong interest in moving this litigation along quickly, and the potential for prejudice

3

is high, because "[a]s time passes, the risk of losing relevant evidence increases, and witnesses' memories may fade." (D.I. 14 at 4). The Court agrees, particularly given, as Plaintiff points out, that much of the evidence in this case will turn on eye-witness testimony. (*Id.*). Thus, "Plaintiff has a clear interest in having discovery occur," and this factor militates against a stay. *Du Pont*, 2017 WL 2531940, at *2 (internal quotation marks omitted); *Tobin*, 2004 WL 2915337, at *2.

D. **The Burden on Defendant**

The burden to Defendant is the fourth factor of the test. *Maloney*, 328 F. Supp. 2d at 511. Here, it weighs in favor of granting the stay, because Defendant "has a clear interest in protecting himself from self-incrimination during discovery of this civil matter." *Du Pont*, 2017 WL 2531940, at *2. As before, Plaintiff counters that Defendant's Fifth Amendment concerns are "speculative" at this point, because no criminal case has yet been filed. (D.I. 14 at 5). That argument has already been rejected by this Court, however, as well as previously by other courts in this District. *See Du Pont*, 2017 WL 2531940, at *2. Defendant's answer in this action illustrates the issue. In it, he issues a blanket denial of every allegation of the Amended Complaint – including seemingly unobjectionable constituent allegations such as that he "serves as a State Trooper for the Delaware State Police."[1] (D.I. 11 ¶ 9; *see also* D.I. 3 ¶ 9). In other words, Defendant's ability to meaningfully participate in discovery is clouded, even at this early stage, "under the shadow of the criminal action." *Bryer*, 2013 WL 3753420, at *1 n.1. Accordingly, this factor weighs in favor of a stay.

E. **The Court's Interest**

The fifth factor for consideration is the interest of the Court, or judicial efficiency. *Maloney*, 328 F. Supp. 2d at 511. Here, as just explained, the pending criminal investigation

---

[1] For 6 of the Amended Complaint's 79 paragraphs, Defendant answers that "[n]o response is necessary." (D.I. 11 ¶¶ 4, 58, 63, 68, 74, 77).

4

threatens to frustrate the discovery process. *See Bryer*, 2013 WL 3753420, at *1 n.1. Moreover, disposition of the criminal matter may accelerate resolution of this one or simplify issues for consideration. *Id.* That being said, "an indefinite stay" is disfavored because it would prevent the Court from resolving cases efficiently. *Deloitte*, 2023 WL 6037201, at *5. Nonetheless, this factor weighs in favor of a stay.

### F. The Public Interest

The sixth and final consideration is the interest of the public. *Maloney*, 328 F. Supp. 2d at 511. As courts in this district have said before, "[t]he public benefits from the Government conducting a complete and unhindered investigation of criminal activity." *Du Pont*, 2017 WL 2531940, at *2. The parties acknowledge that there is an ongoing criminal investigation. Thus, "a stay in this case would benefit the public by allowing the criminal prosecution of the Defendant[] . . . to proceed unimpeded and unobstructed by any concerns that may arise in discovery in the civil case." *Maloney*, 328 F. Supp. 2d at 513. Accordingly, this factor weighs in favor of granting Defendant's motion.

## IV. CONCLUSION

Five of the six factors weigh in favor of granting the stay. Although the Court is mindful of the potential burden on Plaintiff's efforts to timely prosecute her case, the Defendant's constitutional criminal rights outweigh them. *See Tobin*, 2004 WL 2915337, at *2 ("That the plaintiff here [has a right to expeditious civil proceedings] does shift the weight of that factor against granting a stay, but it is, standing alone, insufficient to overcome the several factors that weigh strongly in favor of a stay."). Therefore, the Court will GRANT the motion (D.I. 9) and STAY the action pending resolution of the criminal action. An appropriate order will follow.